IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN GALLUCCI and ASHLEY GALLUCCI,

                    Plaintiffs,

        v.

UNITED STATES OF AMERICA,

                    Defendant.

Case No.: 3:22-cv-01692-AN

OPINION AND ORDER

Plaintiffs John Gallucci and Ashley Gallucci bring this action against defendant United States of America,[1] alleging negligence claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* On February 14, 2025, defendant moved to dismiss for lack of subject matter jurisdiction, and plaintiffs moved for partial summary judgment. After reviewing the parties' filings, the Court finds this matter appropriate for decision without oral argument. Local R. 7-1(d). For the reasons stated below, defendant's motion is GRANTED, and plaintiffs' motion is GRANTED in part and DENIED in part.

## LEGAL STANDARD

### A.        Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Where a court lacks subject matter jurisdiction, dismissal under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) is appropriate. Fed. R. Civ. P. 12(b)(1).

A jurisdiction attack under FRCP 12(b)(1) may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the

---

[1] Plaintiffs initially brought this action against the United States Postal Service ("USPS"). However, the only proper defendant in an FTCA action is the United States. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing *Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). Thus, all claims against USPS must be dismissed. Defendant has substituted itself as party defendant in place of USPS. *See* Answer, ECF [15], at 1 n.1.

allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

"The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)). On the other hand, in resolving a factual attack, the court may "rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). "'No presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Thornhill Publ'g Co.*, 594 F.2d at 734 (quoting *Mortenson v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (1977)). If a moving party presents a factual attack, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *St. Clair*, 880 F.2d at 201). Thus, the burden of proof remains with a plaintiff, who has "an affirmative obligation to support jurisdictional allegations with proof." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016).

## B.    Summary Judgment

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the court construes the evidence in the light most favorable to the non-moving party. *See Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991). The substantive law determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* A dispute about a material fact is genuine "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Id.*

The moving party has the initial burden of informing the court of the basis for its motion and identifying the portions of the pleadings and the record that it believes demonstrate the absence of an issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party bears the burden of proof at trial, "'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)). Where the non-moving party bears the burden of proof at trial, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. *Celotex*, 477 U.S. at 325. Instead, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. *Id.*; *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). If the moving party sustains its burden, the non-moving party must then show that there is a genuine issue of material fact that must be resolved at trial. *Celotex*, 477 U.S. at 324.

## BACKGROUND

On November 3, 2020, at approximately 11:30 a.m., plaintiffs were in their vehicle and stopped at a red traffic light on Southeast Sunnyside Road near the Interstate 205 Northbound onramp. Compl., ECF [1], ¶ 7. A United States Postal Service ("USPS") employee operating a USPS postal van collided with the rear-end of plaintiff's vehicle. *Id.*

On October 25, 2021, USPS received a Standard Form 95 tort claim notice ("SF-95") from Ashley Gallucci, alleging $125,000 in personal injury damages for her "[w]hiplash, neck and back strains/sprains, headaches." Decl. Stanford M. Bjurstrom Supp. Def. Mot. ("Bjurstrom Decl."), ECF [28], Ex. 5, at 1. On November 8, 2021, USPS received an SF-95 from John Gallucci, alleging $200,000 in personal injury damages for his "[w]hiplash, neck and back strains/sprains, headaches, burns and cardiac stress from electro-stim treatment on back" and $20,000 in property damage. *Id.* at Ex. 6, at 1. The USPS has not paid these amounts. *See* Def. Mot. to Dismiss ("Def. Mot."), ECF [27], at 5.

Plaintiffs initiated this action on November 2, 2022. Plaintiffs seek the following damages:

3

$350,000 in non-economic damages, $75,000 in past and future medical expenses, and $3,500,000 in past and future wage loss for John Gallucci; and $150,000 in non-economic damages and $25,000 in medical expenses for Ashley Gallucci.  Compl. ¶¶ 9-14.

In its Answer, defendant asserts several affirmative defenses, including: (1) failure to exhaust administrative remedies; (2) proximate cause; (3) comparative negligence; (4) proper discharge of duties; and (5) failure to mitigate damages.  *See* Answer, ECF [15], at 3.

On February 14, 2025, defendant filed its motion to dismiss for lack of subject matter jurisdiction, and plaintiffs filed their motion for partial summary judgment.  *See* Def. Mot.; Pls. Mot. Summ. J. ("Pls. Mot."), ECF [29].

## DISCUSSION

### A.    Defendant's Motion to Dismiss

Defendant argues that plaintiffs' claims for medical damages, wage loss, and future wage loss must be dismissed for lack of subject matter jurisdiction because those claims were never presented to the USPS.  Defendant also argues that plaintiffs are barred from recovering for alleged harm or amounts in excess of the alleged harm or amounts that formed the sums certain on their SF-95s.  The Court finds that it lacks subject matter jurisdiction over plaintiffs' claims in excess of the sums certain on plaintiffs' SF-95s.

### 1.    *Subject Matter Jurisdiction*

"Absent a waiver, sovereign immunity shields the [United States] from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted).  Where Congress has declined to waive the sovereign immunity of the United States from a claim, a court lacks jurisdiction to adjudicate that claim.  *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941).  Courts must strictly construe waivers of sovereign immunity.  *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 94 (1990).

The FTCA contains a limited waiver of sovereign immunity.  *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008) (citing 28 U.S.C. § 1346(b)(1)).  "The FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'"  *Sosa v.*

*Alvarez-Machain*, 542 U.S. 692, 700 (2004) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)). Before a claimant may bring suit in federal court, however, they must first exhaust their administrative remedies by presenting the claim to the appropriate federal agency. *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1245 (9th Cir. 2017); *see* 28 U.S.C. § 2675(a). The failure to exhaust administrative remedies deprives a court of subject matter jurisdiction over an FTCA claim. *See D.L.*, 858 F.3d at 1245-46.

"A claim is deemed presented for purposes of [the FTCA] when a party files '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Blair v. Internal Revenue Serv.*, 304 F.3d 861, 864 (9th Cir. 2002) (quoting *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc)).

Here, Ashley Gallucci's SF-95 states $125,000 in personal injury damages, and John Gallucci's SF-95 states $200,000 in personal injury damages and $20,000 in property damage. All these amounts are sums certain. However, Ashley Gallucci now seeks $150,000 in non-economic damages and $25,000 in medical expenses, and John Gallucci seeks $350,000 in non-economic damages, $75,000 in past and future medical expenses, and $3,500,000 in past and future wage loss.

Defendant's first argument assumes that personal injury damages include only non-economic damages, and not any damages for medical expenses or wage loss. However, the Ninth Circuit has indicated that personal injury damages can also include medical expenses and wage loss. *See id.* at 865 (including past and future wage loss and medical expenses in detailing personal injury claim). Therefore, the Court does not find that, as general matter, plaintiffs failed to present claims for medical damages and past and future wage loss when they presented claims for personal injury damages.

However, defendant's second argument is well taken. Plaintiffs' SF-95s stated sums certain of $125,000 in personal injury for Ashley Gallucci and $200,000 in personal injury for John Gallucci. Plaintiffs do not explain why they never amended or even sought to amend their SF-95s before they filed the complaint on November 2, 2022.

Plaintiff argues that their increased damages amounts are based on the discovery of new

information.  Section 2675(b) carves out two exceptions to the cap on recoverable damages:

> "Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based *upon newly discovered evidence not reasonably discoverable at the time of presenting the claim* to the federal agency, or *upon allegation and proof of intervening facts*, relating to the amount of the claim."

28 U.S.C. § 2675(b) (emphasis added).  "The two exceptions are distinct: 'newly discovered evidence' denotes evidence that existed when the administrative claim was filed, but was 'not discoverable' at that time; 'intervening facts,' on the other hand, concern information or events arising after the filing of the claim." *Von Bargen v. United States*, No. C 06–04744 MEJ, 2009 WL 1765767, at *2 (N.D. Cal. June 22, 2009) (quoting *Lowry v. United States*, 958 F. Supp. 704, 710 (D. Mass. 1997)).  "While a plaintiff may seek a larger amount if he meets either of these tests, the burden of proof under both falls on the plaintiff." *Salcedo-Albanez v. United States*, 149 F. Supp. 2d 1240, 1243 (C.D. Cal. 2001) (citing *Spivey v. United States*, 912 F.2d 80, 85 (4th Cir. 1990)).

  As an initial matter, plaintiffs do not provide any evidence in support of their assertions that their increased amounts are based on newly discovered evidence.  Moreover, as for John Gallucci, the evidence in the record appears to indicate otherwise.  John Gallucci's medical records show that as early as September 3, 2021, approximately two months before he submitted his SF-95, he was "continu[ing] to express significant pain discomfort while working as a dentist" "to the point that he would like to give up his career as a dentist."  Decl. Robert Milesnick Supp. Def. Reply ("Milesnick Decl."), ECF [37], at Ex. 1, at 1.  Plaintiffs cannot claim that this evidence was not "reasonably discoverable" at the time that John Gallucci signed his SF-95 on October 29, 2021, when he himself had disclosed to his primary care provider two months earlier that he needed to "give up his career" and retire from working as a dentist.  28 U.S.C. § 2675(b).  Accordingly, plaintiffs have not met their burden to show that their increased amounts are based on newly discovered evidence.

  Because any damages sought over the sums certain have not been presented to USPS, the Court thus lacks subject matter jurisdiction over those claims.  Accordingly, plaintiffs are precluded from recovering more than $125,000 in personal injury damages for Ashley Gallucci and $200,000 in personal

injury damages and $20,000 in property damages for John Gallucci in this action. *See Blair*, 304 F.3d at 866 (holding that the "plaintiff would, of course, be limited in his proof to the $17 million figure for wage loss."); *Caballero v. United States*, Civ. No. 10-418-HA, 2010 WL 4237233, at *4 (D. Or. Oct. 20, 2010) (citing 28 U.S.C. § 2675(b)) ("[B]ecause [the] plaintiff cannot seek damages in federal court in excess of those claimed in his administrative claim, [the] plaintiff's prayer is limited to $44,713.65.").

    2.    *Leave to Amend*

    Generally, courts should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013). However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend may be denied due to "undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, . . . [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The defendant bears the burden of establishing prejudice or making a "strong showing" that the other factors apply. *Eminence Cap., LLC v. Aspen, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

    Plaintiffs seek leave to amend to plead facts relating to John Gallucci's alleged increased damages. However, "[s]ubject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (citing *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 536, 538 (1824)). As described above, the Court lacks subject matter jurisdiction over plaintiffs' claims for damages exceeding the amounts that have been presented to USPS—that is, those claims exceeding a total of $325,000 in personal injury damages and $20,000 in property damages. Therefore, amendment would be futile, and the Court denies plaintiffs' request for leave to amend.

**B.    Plaintiffs' Motion for Partial Summary Judgment**

    Plaintiffs move for summary judgment on the issue of liability, as well as five of defendant's affirmative defenses. Except for the defenses of comparative negligence as to the cause of the collision only and proper discharge of duties, plaintiffs fail to show that there is no triable issue as to liability

and defendant's other affirmative defenses.

     1.    *Liability*

     Under the FTCA, the United States is liable for "the negligent or wrongful act or omission of any employee . . . acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Thus, courts assessing the liability of the United States must apply the law of the state where the alleged tort occurred. *Oberson v. USDA*, 514 F.3d 989, 999 (9th Cir. 2008). To prove a claim for negligence under Oregon law, a plaintiff must show "(1) that [the] defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that [the] defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of [the] plaintiff's harm, and (5) that [the] plaintiff was within the class of persons and [the] plaintiff's injury was within the general type of potential incidents and injuries that made [the] defendant's conduct negligent." *Moody v. Or. Cmty. Credit Union*, 371 Or. 772, 784, 760 P.2d 867 (2023) (quoting *Solberg v. Johnson*, 306 Or. 484, 490-91, 760 P.2d 867 (1988)).

     Plaintiffs' motion only arguably addresses the issue of causation and does not even mention the other four elements of negligence, let alone offer undisputed evidence to meet their burden as to those elements.[2] Plaintiffs' failure to come forward with any evidence as to four of the five elements of their claim is sufficient to preclude summary judgment on the issue of liability. *See C.A.R. Transp. Brokerage Co.*, 213 F.3d at 480.

     Moreover, even as to causation, plaintiffs do not show an absence of a triable issue. It is undisputed that the USPS employee testified in her deposition that problems with the brakes on the postal van led to a collision with plaintiffs' vehicle. However, fault for the collision itself does not automatically establish causation of the damages that plaintiffs seek. Plaintiffs must still demonstrate that defendant's conduct in fact caused their alleged injuries. *Chapman v. Mayfield*, 358 Or. 196, 205, 361 P.3d 566 (2015)

---

[2] Indeed, plaintiffs' motion does not even include the elements of the negligence claim that plaintiffs have the burden of proving.

(en banc); *see Or. Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 336 Or. 329, 340, 83 P.3d 322 (2004) ("A plaintiff, of course, still must prove 'factual' or 'but-for' causation—that there is a causal link between the defendant's conduct and the plaintiff's harm[.]").

"When the element of causation involves a complex medical question, as a matter of law, no rational juror can find that a plaintiff has established causation unless the plaintiff has presented expert testimony that there is a reasonable medical probability that the alleged negligence caused the plaintiff's injuries." *Baughman v. Pina*, 200 Or. App. 15, 18, 113 P.3d 459 (2005) (citing *Uris v. Compensation Dep't*, 247 Or. 420, 424, 427 P.2d 753 (1967); *Chouinard v. Health Ventures*, 179 Or. App. 507, 512, 39 P.3d 951 (2002)). "The rule prevents jurors from speculating about causation in cases where that determination requires expertise beyond the knowledge and experience of an ordinary lay person." *Id.* (citing *Howerton v. Pfaff*, 246 Or. 341, 347-48, 425 P.2d 533 (1967)). However, plaintiffs have not presented any expert testimony as to whether the alleged negligence or collision caused their alleged damages. In contrast, defendant's medical expert opines that plaintiffs' preexisting injuries and occupational harms are the cause of the majority of their alleged damages. *See* Milesnick Decl. Ex. 1, at 5. Plaintiff thus fail to meet their burden to demonstrate the absence of triable issue as to causation. For the foregoing reasons, summary judgment is not appropriate as to the issue of liability.

      2.   *Affirmative Defenses*

Plaintiffs also move for summary judgment on five of defendant's affirmative defenses: failure to exhaust administrative remedies, proximate cause, comparative negligence, proper discharge of duties, and failure to mitigate damages.

      a.   Withdrawn Defenses

Defendant withdraws its affirmative defenses of comparative negligence as to the cause of the collision only and proper discharge of duties. *See* Def. Resp. to Pls. Mot., ECF [34], at 11. Accordingly, summary judgment as to these affirmative defenses is appropriate, and these defenses are dismissed.

      b.   Failure to Exhaust

Plaintiffs argue that they exhausted administrative remedies because they filed SF-95s and

defendant denied their claims by failing to respond within six months. *See* 28 U.S.C. § 2675(a). However, for the reasons explained above, the Court lacks subject matter jurisdiction over plaintiffs' claims for damages in excess of those claimed in their SF-95s. Therefore, summary judgment as to the issue of failure to exhaust is not appropriate.

        c.     Proximate Cause

Plaintiffs argue that defendant's affirmative defense of proximate cause must be dismissed because the USPS employee admitted that her conduct proximately caused the collision. As an initial matter, "under Oregon tort law, the concept of proximate cause is subsumed within the notion of foreseeability." *Or. Steel Mills*, 336 Or. at 335 n.3. Thus, "proximate cause is not a useful inquiry in Oregon tort law. Rather, the critical issue is whether [the] plaintiff's [injuries] were a reasonably foreseeable result of [the] defendant's wrongful conduct." *Id.* at 344. As noted above, plaintiffs have the burden to prove the elements of a negligence claim, including whether defendant's conduct created a foreseeable and unreasonable risk of harm to plaintiffs. Although plaintiffs have presented evidence that defendant caused the collision itself, plaintiffs do not offer any evidence as to whether their alleged injuries were a reasonably foreseeable consequence of defendant's conduct. Moreover, defendant presents evidence disputing the extent to which plaintiffs' injuries were caused by the collision. *See* Milesnick Decl. Ex. 1, at 5. Accordingly, summary judgment as to the issue of proximate cause is not appropriate.

        d.     Comparative Negligence

Similarly, plaintiffs argue that because fault for the collision is undisputed, there is no evidence to support a defense of comparative negligence. Again, plaintiffs do not offer any evidence that the collision caused their alleged injuries. Additionally, defendant presents evidence to show that John Gallucci was comparatively negligent in failing to timely and continuously attend treatment following the collision, which contributed to his alleged injuries. *See* Milesnick Decl. Ex. 1, at 4. "The apportionment of negligence as between multiple negligent actors is, ordinarily, a question for a jury." *Towe v. Sacagawea Inc.*, 357 Or. 74, 108, 347 P.3d 766 (2015) (citations omitted). Accordingly, summary judgment as to the issue of comparative negligence is not appropriate.

e.      Failure to Mitigate

Finally, plaintiffs argue that because defendant did not take discovery depositions of plaintiffs, there is no factual basis on which defendant can allege failure to mitigate. However, again, defendant offers evidence that John Gallucci failed to timely and continuously attend treatment following the collision. Accordingly, summary judgment as to the issue of failure to mitigate is not appropriate.

For the foregoing reasons, summary judgment is appropriate as to affirmative defenses of comparative negligence as to the cause of the collision only and proper discharge of duties. Summary judgment is not appropriate as to the remaining affirmative defenses.

## CONCLUSION

Accordingly, defendant's Motion to Dismiss for Lack of Jurisdiction, ECF [27], is GRANTED, and plaintiffs' Motion for Summary Judgment, ECF [29], is GRANTED in part and DENIED in part. Plaintiffs' claims for damages in excess of those claimed in their SF-95s are dismissed. Defendant's affirmative defenses of comparative negligence as to the cause of the collision only and proper discharge of duties are dismissed.

IT IS SO ORDERED.

DATED this 14th day of August, 2025.

Adrienne Nelson
United States District Judge